**INTERNATIONAL UNION OF OPER-ATING ENGINEERS, LOCAL NO. 9, Plaintiff-Appellee,**

v.

**SHANK–ARTUKOVICH, a Joint Venture, Defendant-Appellant.**

No. 82–2005.

United States Court of Appeals, Tenth Circuit.

Jan. 4, 1985.

Steven F. Biskup, Denver, Colo. (David R. Gorsuch and Janet A. Savage, Denver, Colo. with him on the brief), of Gorsuch, Kirgis, Campbell, Walker, & Grover, Denver, Colo., for defendant-appellant.

Walter C. Brauer III, of Brauer, Simons & Buescher, P.C., Denver, Colo., for plaintiff-appellee.

Before BARRETT and LOGAN, Circuit Judges, and JENKINS, District Judge.*

JENKINS, District Judge.

This appeal arises from an arbitrator's decision in a labor dispute. It raises a single issue: Whether the arbitrator's failure to award damages to the union was contrary to the express language of the bargaining agreement. The district court ruled that the arbitrator's decision not to award damages to the union training fund "does not embody a valid, rational, legitimate interpretation of the collective bargaining agreement." District Court Order, at 4. We agree.

The appellant employer, Shank-Artukovich, had a collective bargaining agreement with the appellee union, International Union of Operating Engineers, Local No. 9. A dispute arose about whether the terms of the collective bargaining agreement required the compressors at a tunnel entrance to be manned by operating engineers. After an unsuccessful attempt to resolve the dispute through grievance procedures, the parties submitted it to arbitration. They submitted two questions to the arbitrator: "Did the employer violate the collective bargaining agreement by not manning the compressors at its Foothills Tunnel job? If so, what is the appropriate remedy?"

Following a hearing, the arbitrator ruled that the employer had violated the agreement by not manning the compressors. He ordered that in the future the compressors be manned, but ordered no remedy for the past violation. The union requested and

received a clarification of the award. The arbitrator then concluded that there were no damages, and, accordingly, an award for the past violation was not warranted.

The union brought this action in the district court seeking to set aside the arbitrator's decision not to award damages. Federal court jurisdiction is based on 29 U.S.C. § 185. On a stipulated record, both the union and the employer filed motions for summary judgment. The district court granted the union's motion and remanded the case to the arbitrator to award damages consistent with the collective bargaining agreement.

As this court noted in *Mistletoe Express Service v. Motor Expressmen's Union*, 566 F.2d 692 (10th Cir.1977), the scope of review of arbitration awards is narrow:

> The courts may not review the merits of a grievance award. An arbitration award will be enforced if "it draws its essence from the collective bargaining agreement." In determining whether an award draws its essence from the Union contract, the courts have applied various tests. An arbitrator's award must be upheld unless it is contrary to the express terms of the language of the contract.

*Id.* at 694 (citations omitted), quoting *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). *See also, United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *Campo Machining Co. v. Local Lodge No. 1926 of the International Association of Machinists & Aerospace Workers*, 536 F.2d 330, 332–33 (10th Cir. 1976).

* Honorable Bruce S. Jenkins, United States District Judge for the District of Utah, sitting by designation.

■ Article VII, § 5 of the collective bargaining agreement at issue here contains express language that required the employer to pay damages if it violates the manning provision of the agreement. The agreement is unequivocal:

> If violations of the manning provisions ... are found by ... the Arbitrator and if an individual(s) is found entitled to back pay, the same shall be paid by the violator, but if no individual is found entitled to damages the violator shall remit such damages to the Trustees of the Colorado Journeymen and Apprentice Training Fund for Operating Engineers.

The plain language of the agreement contemplates damages whenever the employer violates the manning provisions of the agreement. If no individual is entitled to damages, the agreement requires the employer to pay damages to the union training fund.

The arbitrator found that the employer had violated the manning provisions of the agreement. He also concluded that no individual was entitled to back pay. However, he ruled that the employer was not required to pay damages to the union training fund. His decision did not draw its essence from the collective bargaining agreement. It was contrary to the express terms of the agreement.

■ The desirability of settling labor-management disputes by arbitration is beyond dispute. *See Satterwhite v. United Parcel Service, Inc.*, 496 F.2d 448, 451–52, *cert. denied*, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974). Moreover, courts favor an arbitrator's exercise of broad discretion in fashioning remedies. *Painter' Local Union #171 International Brotherhood of Painters & Allied Trades, AFL–CIO v. Williams & Kelly, Inc.*, 605 F.2d 535, 538 (10th Cir.1979). However, if the arbitrator does not follow the express terms of the agreement, his ruling cannot stand. *Id.; Mistletoe*, 566 F.2d at 695. Accordingly, the district court did not err in granting the union's motion for summary judgment.

Affirmed.