INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, LOCAL 1522, Plaintiff,

v.

AT & T MICROELECTRONICS, INC., Defendant.

No. 95–CV–0246.

United States District Court, E.D. Pennsylvania.

Dec. 21, 1995.

Nancy A. Walker, Sagot, Jennings & Sigmond, Philadelphia, PA, for Plaintiff.

John B. Langel, Ballard, Spahr, Andrews and Ingersoll, Philadelphia, PA, James D. Cutlip, AT & T Corp., Morristown, NJ, for Defendant.

**MEMORANDUM AND ORDER**

JOYNER, District Judge.

We address today the cross-motions for summary judgment filed by the parties in this labor case. The plaintiff, International Brotherhood of Electrical Workers, AFL–CIO, Local 1522 (the "Union"), and the defendant, AT & T Microelectronics, Inc. (the "Company"), are parties to a collective bargaining agreement (the "CBA"). In this action, the Union challenges the arbitrator's award in a case involving one of its members and an employee of the defendant, Chris Dresen. The parties agree that no genuine issue of fact exists; thus, the case is ripe for summary disposition.

## BACKGROUND

On the evening of February 3, 1994, Mr. Dresen became involved in an altercation with a security guard as he was reporting for work. Heated words were exchanged; and at one point, Mr. Dresen struck the security guard with his elbow. After investigating the incident, the Company discharged Mr. Dresen on February 17 for threatening and assaulting the security guard. Pursuant to the CBA, the Union submitted a claim for arbitration on Mr. Dresen's behalf, challenging whether he had been discharged for "just cause." On December 30, 1994, Arbitrator Steven M. Wolf issued an Opinion and Award concluding that the Company did not have just cause to discharge Mr. Dresen and ordering that he be reinstated to his prior position. Arbitrator Wolf also concluded, however, that Mr. Dresen's conduct warranted severe disciplinary action. Accordingly, he ordered that Mr. Dresen be reinstated without back pay.

On January 17, 1995, the Union initiated the instant action in this Court, alleging that Arbitrator Wolf exceeded his authority under the CBA when he declined to award Mr. Dresen back pay. The Union asks us to modify Arbitrator Wolf's award so that it provides for back pay. In response, the Company has submitted a counterclaim in which it asks for an order confirming the award as to the denial of back pay, but

vacating it as to reinstatement.[1] Further, the Company contends that Arbitrator Wolf's decision must either stand or fall in total. In the alternative, the Company argues that this Court lacks subject matter jurisdiction over the instant dispute.[2] The relevant portions of the CBA provide as follows:

Article 7—Arbitration

 1.3 The Arbitrator shall have no authority to:

 (a) Add to, or subtract from, or in any way modify the provisions of this agreement;

. . . . .

 1.4 The decision of the Arbitrator made in compliance with this Article shall be final.... The COMPANY and UNION agree to abide by the Arbitrator's decision.

. . . . .

 2.7 The Arbitrator's authority shall be confined to a determination of whether or not the COMPANY had just cause to DISMISS, suspend or place the grievant on INTERIM STATUS. If the Arbitrator should determine that the COMPANY lacked just cause, the employee shall be reinstated (if not previously reinstated) and shall be entitled to back pay at the employee's ADJUSTED RATE less interim earnings and any unemployment consideration received, and service credit for the period of absence caused by the action of the COMPANY.

We turn now to address the merits of the parties' motions.

DISCUSSION

A. *The Summary Judgment Standard*

 ▮▮▮▮ This Court is authorized to award summary judgment "if the pleadings, deposi-

tions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, the Court's responsibility is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby,* 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986). In cases where the parties have filed cross-motions for summary judgment, as the parties have here, each side contends that no issues of material fact exist. Generally, the standard under which the court weighs the merits of the motions does not change simply because cross-motions have been filed. *United States v. Hall,* 730 F.Supp. 646, 648 (M.D.Pa.1990). Each party must establish that no issues of fact exist and that it is entitled to judgment as a matter of law. In this case, however, the parties do not dispute the facts, but have differing interpretations of the CBA. This case raises only issues of law and is therefore one suitable for resolution by summary judgment. *Elf Atochem N. Am. v. United States,* 866 F.Supp. 868, 870 (E.D.Pa.1994).

B. *Standard of Review for a Labor Arbitration Award*

 ▮▮▮▮ The scope of the court's role in reviewing an arbitrator's award is quite narrow. The court may not quibble with the arbitrator's findings of fact or question a rational interpretation of the collective bargaining agreement. *International Assoc. of Heat & Frost Insulators & Asbestos Workers Local Union 42 v. Absolute Environmental Services, Inc.,* 814 F.Supp. 392, 398 (D.Del. 1993). The court must confirm the arbitrator's award as long as it "draws its essence

---

**1.** In its summary judgment motion, however, the Company asks us either to confirm the award or to vacate it in its entirety.

**2.** The Company's argument that this Court lacks subject matter jurisdiction over the instant action is meritless. The argument is based on paragraph 1.1 of Article 7 of the CBA, which provides that any dispute between the parties "may be" submitted to an arbitrator. It then concludes that since the instant dispute arising from the

arbitrator's decision was not itself submitted to arbitration, it cannot be heard now in this Court.

We can reject this argument summarily. First, it assumes that arbitration is mandatory, while the agreement merely provides that a dispute "may be" submitted for arbitration. Second, if taken to its logical extreme, the argument would *never* allow for judicial review of an arbitrator's decision, a result the parties could not have intended.

from the collective bargaining agreement." *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Thus, as long as the arbitrator's decision is based on an arguable, rational interpretation of the agreement, it must stand. *News America Publications, Inc. v. Newark Typographical Union,* 918 F.2d 21, 24 (3d Cir. 1990). On the other hand, the arbitrator is not permitted to "dispense his own brand of industrial justice." *United Steelworkers,* 363 U.S. at 597, 80 S.Ct. at 1358. Indeed, where the award represents a manifest disregard for the terms of the collective bargaining agreement, such that no principle of contract construction can justify the arbitrator's decision, the court must vacate the ruling. *Exxon Shipping Co. v. Exxon Seamen's Union,* 993 F.2d 357, 360 (3d Cir.1993).

## C. *Application of the Standard*

While we recognize that the scope of our review is limited, we must conclude, upon consideration of the clear provisions at issue, that Arbitrator Wolf's decision reflects a patent disregard for the extent of his authority under the CBA. In so ruling, we have considered the decision of the Tenth Circuit Court of Appeals in *International Union of Operating Engineers, Local 9 v. Shank–Artukovich,* 751 F.2d 364 (10th Cir.1985), a case that presents a similar set of circumstances. There, a Union brought suit against an employer, and argued that the arbitrator's failure to require the employer to pay damages was contrary to the express provisions of the collective bargaining agreement. The arbitrator had concluded that the employer violated the agreement's manning provisions, but declined to award damages to the Union. The collective bargaining agreement provided that the employer was required to pay

damages if the employer violated the manning provisions. Thus, the court concluded that since the decision was contrary to the express provisions of the agreement, it "did not draw its essence from the collective bargaining agreement." *Id.* at 366. It therefore ruled in favor of the union, allowing it to collect damages in accordance with the terms of the collective bargaining agreement.

 Likewise, we conclude that Arbitrator Wolf's decision did not draw its essence from the CBA, since it was directly contrary to the CBA's express terms. As we noted above, the CBA confines the arbitrator's role to determining whether or not the company had just cause to dismiss a grievant. Moreover, the CBA plainly sets forth the remedy in the event the arbitrator concludes that there was a lack of just cause: the grievant must be reinstated and must be awarded back pay. Thus, by denying Mr. Dresen back pay after concluding that the Company lacked just cause to discharge him, Arbitrator Wolf fashioned his own remedy, one outside the clearly-defined bounds of the CBA. And as we recognized above, an arbitrator's decision that does not draw its essence from the agreement is not enforceable.[3]

## D. *Remedy*

 Having concluded that Arbitrator Wolf's decision cannot be enforced, we turn now to the issue of whether we should remand the case to the arbitrator with instructions to award back pay to Mr. Dresen, as the Union urges, or vacate the decision in its entirety so that the matter may be submitted anew to another arbitrator. On this point, it appears that the district court has the power to remand the case to an arbitrator so that he may order the proper remedy. *See United Food & Commercial Workers Union, Local 1119 v. United Markets, Inc.,* 784 F.2d

**3.** In its reply brief, the Company argues that "once the arbitrator found the grievant culpable, his authority ceases [sic] and he may not impose a remedy different than what the Company has determined is appropriate." Reply Br. at 6. We cannot agree. The trouble with this argument is that it equates "culpable" conduct with conduct supporting just cause for discharge. In this case, Arbitrator Wolf was charged not with determining whether Mr. Dresen was in any way "culpable," but instead to decide whether the Company

had just cause to discharge him. When the arbitrator determined that the Company lacked just cause, he acted well within his authority under the CBA. Indeed, it was only when he concluded that Mr. Dresen was culpable and created a novel remedy that the arbitrator strayed outside of the bounds of his power. Thus, our ruling today properly addresses Arbitrator Wolf's disregard of the CBA provision defining the scope of his authority, and respects the decision to the extent it was made consistent with the CBA.

**298**

1413, 1416 (9th Cir.1986) (district court has power to remand case to the arbitrator "in order to have him fashion the appropriate remedy"); *Shank–Artukovich,* 751 F.2d at 365–66 (district court properly remanded case to the arbitrator to award damages consistent with collective bargaining agreement). Accordingly, we will vacate Arbitrator Wolf's decision, and remand the case with instructions to award Mr. Dresen back pay in accordance with the CBA.

## *CONCLUSION*

Having considered the arguments made by the parties in their cross-motions for summary judgment, we have concluded that the arbitrator's decision reflects a manifest disregard for the terms of the CBA. As a result, we will vacate the decision and remand the case to the arbitrator so that he can award back pay to Mr. Dresen. An appropriate order follows.

## *ORDER*

AND NOW, this 21st day of December, 1995, upon consideration of the Parties' Cross–Motions for Summary Judgment, it is hereby ORDERED, for the reasons set forth in the preceding Memorandum, that Defendant's Motion for Summary Judgment is DENIED and Plaintiff's Motion for Summary Judgment is GRANTED. The decision of the Arbitrator is hereby VACATED and REMANDED with instructions to award back pay to the Grievant in accordance with the Collective Bargaining Agreement.